COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

MALCOLM OMAR McCLENON,                     )

                                                                              )              
No.  08-01-00031-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )           
Criminal District Court #5

THE STATE OF TEXAS,                                     )

                                                                              )            
of Dallas County, Texas

Appellee.                           )

                                                                              )                
(TC# F-0002295-L)

                                                                              )

 

 

O
P I N I O N

 

The Appellant
Malcolm Omar McClenon appeals a jury conviction for possession of cocaine with
intent to deliver.  His punishment was
assessed at 11 years=
imprisonment.  We affirm.








On the evening of
December 2, 1999, the Appellant was a passenger in a Cadillac sedan that
stopped near a vacant lot in the 3000 block of Alabama Street in Dallas,
Texas.  A group of men were standing in
the lot, which was notorious for drug dealing. 
The driver, later identified as William Jackson, got out of a tan
Cadillac and walked to the adjacent house. 
As Jackson walked past the men, he joked with them by pulling out a
pistol and pointing it at them.  Everyone
laughed.  This was observed by a
uniformed Dallas police officer, Frederick Frazier, who had been
surreptitiously surveilling the lot from the rooftop of a church building
adjacent to the lot.

Jackson entered
the house and stayed only a few minutes before returning to the car.  The Appellant had been seen getting out of
the Cadillac=s rear
passenger seat and standing by the front passenger door.  Both men got back in the car and drove
off.  Officer Frazier radioed his
partner, Officer Kurt Hibbets, who was waiting in a parked patrol car a block
away, that the driver of the Cadillac had a weapon.  Officer Hibbets saw the Cadillac, followed
it, and when the Cadillac ran a stop sign, he pulled it over.  Another patrol officer, Anthony Smith,
arrived at that same moment to provide backup.

As the officers
approached the car, they smelled the odor of marijuana.  They asked Jackson and the Appellant to step
outside the car.  Officer Smith
discovered that the Appellant had a pistol in his jacket.  The subsequent search of the Appellant
revealed a plastic ziplock bag that had two smaller bags of crack cocaine and a
loose rock of crack cocaine and an empty cigarette pack with seventeen small
bags of crack cocaine.  Jackson and the
woman passenger were released. 

Moments later,
Officer Frazier radioed that he believed that a drug deal was about to occur
and asked Officers Smith and Hibbets to converge on the Alabama Street
lot.  After Hibbets and Smith arrived,
Officer Frazier realized and told the other officers that he had not seen
Appellant with the pistol but rather the driver and described Jackson.  








Officers Hibbets
and Frazier and the Appellant in custody left the area to book the Appellant.  Officer Smith left but a short distance away,
he spotted the Cadillac.  Jackson was
driving with the same woman in the front passenger seat and another man in the
rear passenger seat.  Officer Smith
stopped the Cadillac again and arrested Jackson for driving with a suspended
driver=s
license.  During the inventory search of
the car, $1,200 was found in a purple Crown Royal bag in the glove
compartment.  There were three $50 bills,
twenty-nine $20 bills, twenty $10 bills, forty-six $5 bills, and forty $1
bills.

On appeal, three
issues are raised:  (1) that there was
legally insufficient evidence to establish the element of intent to deliver
cocaine; (2) that there was factually insufficient evidence to establish the
element of intent to deliver cocaine; and (3) that there was insufficient
evidence to support an affirmative finding that a deadly weapon was used or
exhibited.

                                                                 Intent
to Deliver

The indictment
alleged that the Appellant possessed with intent to deliver an amount of
cocaine.  The trial court instructed the
jury that they could find the Appellant guilty of the lesser included offense
of simple possession.  The jury did not
do so.  The essence of the argument
before us then is that the evidence is legally and factually insufficient to
prove intent to deliver the cocaine because the suspected money was not found
in the Appellant=s
possession.  








In reviewing the
legal sufficiency of the evidence, this Court examines all of the evidence in a
light most favorable to the verdict, both admissible and inadmissible, in order
to determine whether any rational trier of fact could find the essential
elements of the crime as alleged beyond a reasonable doubt.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex.Crim.App. 1999); Lyon v. State, 885 S.W.2d 506, 516 (Tex.App.--El
Paso 1994, pet. ref=d).  Our duty is not to reexamine the evidence and
impose our own judgment as to whether the evidence establishes guilt beyond a
reasonable doubt, but only to determine if the findings by the trier of fact
are rational.  Lyon, 885 S.W.2d at
516-17.  Any inconsistencies in the
evidence are resolved in favor of the verdict. 
Matson v. State, 819 S.W.2d 839, 843 (Tex.Crim.App. 1991).  This standard of review applies equally to
both direct and circumstantial evidence cases. 
Garcia v. State, 871 S.W.2d 279, 280 (Tex.App.--El Paso 1994, no
pet.).

In reviewing
factual sufficiency, this Court views all evidence without the prism of Ain the light most favorable to the
prosecution@ and sets
aside the verdict only if it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. 
Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996).  We defer to the fact finder=s determinations in reviewing the
weight given to the evidence.  Id.  An appellate court cannot substitute its
judgment for that of the fact finder=s
and should not intrude upon the fact finder=s
role as the sole judge of the weight and credibility of witness testimony.  Santellan v. State, 939 S.W.2d 155,
164 (Tex.Crim.App. 1997).








In determining the
legal sufficiency of the evidence and viewing the evidence in the light most
favorable to the verdict, we find that a rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt.  Officer Hibbets testified that it was a
common tactic for one drug dealer to hold the drugs while his associate held
the money.  Officer Frazier testified
that a drug user who was going to buy $100=s
worth of crack cocaine would more than likely buy a Aslab@ to avoid getting Aripped off.@  Officer Ragsdale, who testified as an expert
of illicit drug transactions, testified that distribution of the crack cocaine
especially the seventeen dime bags was consistent with an intention to
distribute and that an ordinary user or addict would not buy seventeen dime
bags but rather a $100 Acookie.@ 
There was testimony that Jackson claimed the money came from the sale of
a car; however, the jury could reasonably conclude that the denominations of
the money which were all smaller denominations and akin to the common street
transactions of Anickel,@ Adime,@ Aquarter,@ and Afifty@ bags was consistent with illicit drug
transactions.  Issue One is
overruled.  

In determining the
factual sufficiency of the evidence and considering all of the evidence without
viewing it in the light most favorable to the verdict, we find the verdict is
not so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust.  Officer Frazier saw
the Appellant with Jackson.  Appellant
got out of the car and waited by the car while Jackson went into a house next
door to the vacant lot.  Officer Frazier
saw Jackson brandishing the gun as he walked into the house.  Moments later, after Jackson and Appellant
had gotten back into the car and driven off, it was stopped.  No gun was found on Jackson, but a pistol is
found in the pocket of Appellant=s
jacket.  Appellant was in possession of a
substantial amount of crack cocaine and the majority in Adime@ bags. 
The jury=s verdict
is simply not so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust.  Issue Two is
overruled.

In Issue Three,
the Appellant=s
argument relies on the proposition in Issues One and Two that the cocaine was
for his own use and, therefore, possession of a weapon does not facilitate
possession of his own cocaine.  Since we
have upheld the jury=s
verdict that he possessed the cocaine with the intent to distribute, Appellant=s argument collapses.  See Patterson v. State, 769 S.W.2d 938
(Tex.Crim.App. 1989).  Issue Three is
overruled.  

 

 

February
27, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Do Not Publish)